# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| ANYTIME LABOR-KANSAS LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-00573-CV-RK |
| | ) | |
| CHRISTINE ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT CHRISTINE ANDERSON

Now before the Court is Plaintiffs' Motion for Summary Judgment as to Defendant Christine Anderson.[1] (Doc. 45.) Plaintiffs served their motion on Defendant Anderson by mail at Defendant Anderson's last known address. (*Id.* at 3.) This service was effective under Fed. R. Civ. P. 5(b)(2)(C). Alternatively, service was effective under Fed. R. Civ. P. 5(b)(2)(D), by "leaving" the motion with the Clerk which occurred upon the electronic filing of the motion. To date, no response has been filed and the time for doing so has now expired. L.R. 7.0(c)(2). As such, Plaintiffs' motion is unopposed. For the following reasons, Plaintiffs' motion is **GRANTED**.

## I. BACKGROUND

Defendant Anderson was previously employed as a temporary worker by Defendant Anytime Labor-Kansas, LLC. (Doc. 46 at ¶ 4.) Defendant Anytime Labor-Kansas, LLC does business under the name "LaborMAX Staffing." (*Id.* at ¶ 2.) As part of her two-page application for employment, Defendant Anderson executed a Policy Regarding Dispute Resolution (the "Arbitration Agreement") which states:

### Policy Regarding Dispute Resolution

I agree that any disputes arising out of my employment, including any claims of discrimination, harassment or wrongful termination, that I believe I have against LaborMAX Staffing and all other employment related issues (excluding only those claims arising under the National Labor Relations Act or otherwise within the jurisdiction of the National Labor Relations Board) will be resolved by

---

[1] Plaintiffs initially brought this action against a number of Defendants. However, Plaintiffs reached a resolution of their disputes with the other Defendants and bring the present motion solely with regard to their claims involving Defendant Anderson.

arbitration as my sole remedy. The American Arbitration Association under its Commercial Arbitration Rules shall conduct the arbitration and the decision of the arbitration shall be final and binding.

(*Id.* at ¶ 5; Doc. 46-2.)

Plaintiffs are seeking a declaratory judgment and injunctive relief from the Court precluding Defendant Anderson from proceeding with an attempted class/collective arbitration that has been filed with the American Arbitration Association, Case No. 01-17-0003-6335 (the "Anderson Arbitration"). In the Anderson Arbitration, Defendant Anderson is seeking to bring claims against Plaintiffs for gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq*., and for age discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Doc. 46 at ¶ 11.) Plaintiffs seek relief on the grounds that Defendant Anderson's Arbitration Agreement does not permit arbitration of claims on a class or collective basis, and as such, the arbitrated claims must be arbitrated individually, and not as a group, class or collective arbitration.

## II. DISCUSSION

As discussed below, the Court finds the Arbitration Agreement only permits individual arbitration and also finds Plaintiffs are entitled to a permanent injunction from further prosecution of the Anderson Arbitration.

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a motion for summary judgment must point to evidence in the record demonstrating the existence of a factual dispute. Fed. R. Civ. P. 56(c)(1); *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909-10 (8th Cir. 2010). "If a party . . . fails to properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3).

## B.     Declaratory Judgment

The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, "declare[s] a national policy favoring arbitration." *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (citation omitted).  The FAA states that agreements[2] to settle a controversy arising from a contract by arbitration "shall be valid, irrevocable, and enforceable," unless grounds exist at law or in equity that allow for revocation of the contract.  9 U.S.C. § 2.  "When a valid arbitration agreement undisputedly encompasses the claim, a court must enforce the agreement according to its terms."  *Perras v. H&R Block, Inc.*, No. 12-00450-CV-W-BP, 2013 U.S. Dist. LEXIS 189175, at *5 (W.D. Mo. Nov. 13, 2013) (citing 9 U.S.C. § 2; *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004)).  Here, the Court finds that there is a valid arbitration agreement and that Defendant Anderson's dispute falls within the terms of the agreement.

Next, the Court considers whether the Arbitration Agreement requires Plaintiffs' claims to be subject to individual arbitration as opposed to class arbitration.  *See Catamaran Corp. v. Towncrest Pharmacy*, 864 F.3d 966, 972-73 (8th Cir. 2017) (holding whether or not an arbitration agreement provides for class arbitration is a substantive question of arbitrability for the courts to decide unless the parties agree to commit that question to the arbitrator and the incorporation of the American Arbitration Association rules is insufficient by itself to commit the question of class arbitration to an arbitrator).  The Arbitration Agreement in this case is identical to the agreements in the Court's previous matters of *Adams et al.*, Case No. 4:16-CV-00448-RK; *Baker et al.*, Case No. 4:16-CV-00447-RK, and *Hanks et al.*, Case No. 4:16-CV-00445-RK.  Previously, the Court found those agreements do not provide a contractual basis for class arbitration, and the Court finds no reason to depart from its rationale in those cases.

In considering whether the Arbitration Agreement requires individual as opposed to class arbitration, the Court finds *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) instructive.  In *Stolt-Nielsen*, the Supreme Court stated that the "primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms."  *Id.* at 682 (citations omitted).  The Court noted that based on the contractual nature of arbitration, "parties may specify *with whom* they choose to arbitrate their disputes."  *Id*. at 683 (emphasis in original).  Therefore, "it follows that a party may not be compelled under the FAA to submit to class

---

[2] The FAA is limited to maritime transactions and contracts evidencing a transaction involving commerce. 9 U.S.C. § 2.  The parties' Arbitration Agreement is governed by the FAA.

arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 684 (emphasis in original). Further, "[a]n implicit agreement to authorize class-action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." *Id.* at 685. "Since silence is not consent, silence is construed as not allowing class arbitration." *Houston*, 2014 U.S. Dist. LEXIS 185002, at *22-23 (citing *Stolt-Nielsen* stating, "it is 'too great . . . to presume . . . that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings.'"). Additionally, the Supreme Court has acknowledged that requiring "classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344-350 (2011) (outlining the negative aspects of class arbitration); *see also Epic Sys. Corp. v. Lewis*, 200 L.Ed.2d 889, 901 (U.S. 2018) (The Supreme Court recently reaffirmed that arbitration agreements in employment contracts that call for individualized proceedings are to be enforced as written and are not unenforceable just because they require bilateral arbitration: "courts may not allow a contract defense to reshape traditional individualized arbitration by mandating classwide arbitration procedures without the parties' consent.") (citations omitted).

Based on the foregoing, the Arbitration Agreement is silent regarding class arbitration and is therefore construed as not allowing class arbitration. Defendant Anderson signed the Arbitration Agreement which allows only individual arbitration. Therefore, Plaintiffs succeed on their declaratory judgment action.

### C.    Permanent Injunction

"To obtain a permanent injunction, [the movant is] required to show: (1) its actual success on the merits; (2) that it faces irreparable harm; (3) that the harm to it outweighs any possible harm to others; and (4) that an injunction serves the public interest." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1012 (8th Cir. 2011).

As discussed above, Plaintiffs have succeeded on the merits of their declaratory judgment action. Second, Plaintiffs have shown that allowing Defendant Anderson to proceed with class arbitration against them would result in irreparable harm. *See McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P.*, 105 F.3d 1192, 1194 (8th Cir. 1997) (where a district court had concluded that a dispute was non-arbitrable, the Eighth Circuit approved a finding of irreparable

harm "even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award"). Third, the harm to Plaintiffs outweighs the possible harm to Defendant Anderson because Plaintiffs would be required to proceed with an arbitration to which they did not agree whereas, Defendant Anderson is still permitted to seek arbitration through individual arbitration. Finally, the permanent injunction would serve the strong public interest of enforcing arbitration agreements as written and agreed to by the parties.

## III. CONCLUSION

Accordingly, for the reasons discussed above, Plaintiffs' Motion for Summary Judgment (doc. 45) is **GRANTED** with regard to their claims against Defendant Anderson seeking declaratory judgment and injunctive relief. The Arbitration Agreement executed by Defendant Anderson does not permit arbitration of class, collective, or group claims; Plaintiffs did not agree to arbitration of disputes arising out of Defendant Anderson's employment on a class, collective, or group basis; and Plaintiffs are not required by the Arbitration Agreement to participate in class, collective, or group arbitration as to the claims Defendant Anderson has raised in her Demand for Arbitration in the Anderson Arbitration. Defendant Anderson is permanently enjoined from further prosecution of the Anderson Arbitration, AAA Case No. 01-17-0003-6335.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 5, 2018